[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff husband was married to the defendant wife on May 30, 1983 in Greenwich, Connecticut. The husband has resided continuously in the State of Connecticut for at least one year preceding the filing of the complaint.
Two children were born to the wife, both minors and issue of the marriage, to wit:
Erica Novakowski, born November 24, 1985, and
John Adam Novakowski, born May 14, 1988.
The marriage has broken down irretrievably, there is no prospect of any reconciliation and a decree of dissolution may enter.
This is a marriage of nine (9) years which has, for the most part, been marked by turbulent behavior by both parties. At the time of the marriage both parties were twenty-three (23) years of age. Both appear to be in good CT Page 5922 health, except the husband does indicate that he has developed a chronic back problem because of the nature of his work. It should be noted that he has not seen a physician concerning his back problem since 1985.
Both of the parties have the educational equivalency of one year of college.
The husband attributes the breakdown of the marriage to a variety of factors. He claims his wife physically and continually assaulted him throughout the marriage. She resented his "improved relationships" with his family and wished her mother-in-law to suffer a slow painful death.
The parties separated in December, 1989, reconciled in September, 1990, and separated again for the final time in September, 1991.
The wife denies all of the husband's allegations and claims that constant interference by her husband's family, constant physical abuse and his affair with another woman was the cause of the breakdown.
After weighing all of the evidence, the court concludes that the greater fault for the breakdown of the marriage is attributed to the behavior of the husband.
The court further finds that the net value of the husband's business is $100,000.
Taking under consideration all of the testimony and the provisions of Connecticut General Statutes, Secs. 46b-81,46b-82 and 46b-84, the court further orders as follows:
1. Custody of the children is awarded to the mother with the father granted the following rights of visitation:
 (a) Alternating overnight weekend visitation with both children from Saturday at 1:00 P.M. to Sunday at 6:00 P.M., and every Tuesday from 3:00 P.M. to 7:00 P.M. The plaintiff husband shall be responsible for transporting the children to and from their visitation with him.
 (b) One party shall have the following holidays with the children in a given calendar year: Easter Sunday from 9:00 A.M. to 2:00 P.M., the 4th of July from 9:00 A.M. to 6:00 P.M., and Christmas Day from noon CT Page 5923 until 7:00 P.M. The other party will have the following holidays in that same calendar year: New Year's Day from 9:00 A.M. to 6:00 P.M., Thanksgiving from 9:00 A.M. to 6:00 P.M., Christmas Eve at 6:00 P.M. until noon of Christmas Day, and Easter Sunday from 2:00 P.M. to 7:00 P.M. These days shall alternate between parents each year.
 (c) The defendant wife shall have the children on Mother's Day and on her birthday, and the plaintiff husband shall have the children on Father's Day and on his birthday without regard to whether those days fall on a visitation day normally scheduled for the plaintiff husband. The plaintiff husband shall have visitation with both children on their birthdays during even numbered years.
 (d) The plaintiff husband shall also have the children for one week during the winter and one week during the children's school recess periods. The parties will attempt to agree on these vacation weeks in advance. If an agreement cannot be obtained, the matter shall be referred to the Family Relations office for mediation, and to the Superior Court if mediation is not successful.
 (e) The paternal grandmother shall be allowed visitation with the minor children after she complies with the recommendations of Robert Colen, Ph.D., including clinical reintroduction followed by visitation in the home of the plaintiff father.
2. By judicial decree, the marital home is awarded the husband. He shall be responsible for any deficiency judgment which may be entered in any foreclosure proceedings, and shall hold the wife harmless therefrom. The wife shall be permitted to remain exclusively on said premises, rent free, until the happening of the first of the following events:
 a) ninety (90) days from the date of this decree, or
b) foreclosure proceedings vest title in CT Page 5924 anyone other than the husband. She shall be responsible for the payment of all utilities and shall maintain the premises in good condition, normal wear and tear excepted.
3. The husband shall pay to the wife the sum of $160 per week per child. The court finds the guidelines applicable and predicates its award on the capacity of the wife to earn $200 per week, net.
4. The husband shall pay to the wife as periodic alimony the sum of $155 per week until the happening of the first of the following events:
a) death of either partner;
b) cohabitation of the wife;
c) remarriage of the wife; or
d) June 1, 2002.
Alimony shall be nonmodifiable as to the term.
5. The husband shall take both children as exemptions on his income tax returns, and the wife shall sign whatever documents are necessary to effect this purpose.
6. Husband shall maintain Blue Cross, Blue Shield, major medical and/or its equivalent for the benefit of his wife for one year and for the benefit of the minor children for so long as he is obligated to support them. All unreimbursed medical and dental expense for the minor children shall be divided equally between the mother and father. Orders are entered pursuant to and in accordance with Connecticut General Statutes, Sec. 46b-84(c).
7. All of the furnishings and personal property in the marital home shall become the property of the wife with the exception of the following:
a) weight lifting set;
 b) all paperwork and records of the business known as John Novakowski Carting, and all spare parts and tools of said business;
c) golf clubs; CT Page 5925
d) all funds in the business accounts;
e) Vista Management stock;
f) John Hancock Life Insurance Policy;
and
g) gold rope chain.
8. The husband is granted exclusive ownership of the carting business and the F-150 Ford pickup truck.
9. In order to compensate the wife for a portion of the value of the business which is to be retained by the husband, the court orders as a property distributed to the wife the sum of $40,000 payable at the rate of $60 per week for 260 weeks and the balance on the 261st week.
10. The husband and wife shall pay to the attorney for the minor children, the sum of $1,700 each within ninety (90) days of this decree.
11. The husband shall pay to the wife the sum of $2,000 as an allowance to prosecute.
12. He shall pay to the wife the sum of $525 forthwith, said sum constituting an arrearage of the pendente lite orders.
13. Except as otherwise provided in the decree, each of the parties shall pay his or her own costs and liabilities.
Mihalakos, J.